**HASBANI & LIGHT, P.C.**
Barry M. Golden, Esq.
*Counsel for Plaintiff*
450 Seventh Avenue, Suite 1408
New York, New York 10123

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WINDWARD BORA, LLC,<br><br>              Plaintiff,<br><br>  -against-<br><br>HMC ASSETS, LLC SOLELY IN ITS CAPACITY<br>AS SEPARATE TRUSTEE OF CAM XV TRUST,<br><br>             Defendant. | **COMPLAINT FOR A CIVIL CASE**<br><br>Case No. 1:19-cv-01718 |

Windward Bora, LLC ("Plaintiff"), by and through its attorneys Hasbani & Light, P.C., complains of HMC Assets, LLC Solely in its Capacity as Separate Trustee of CAM XV Trust (the "Defendant"), upon information and belief, as follows:

### NATURE OF THE ACTION

1.      This is an action pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") § 1501(4) to discharge a Mortgage dated March 29, 2005 and recorded in the Office of the Kings County Clerk on April 13, 2005 in CRFN 2005000213171 (the "Disputed Mortgage") securing the repayment of a note dated the same date for the principal sum of $451,200.00 against real property known as 684 MacDonough Street, Brooklyn, NY 11233 (Block: 1501 Lot: 15) (the "Subject Premises").

2.      Defendant, HMC Assets, LLC Solely in its Capacity as Separate Trustee of CAM XV Trust, commenced an action under Kings County Index No. 8066/2010 by filing a summons

and complaint (the "Summons and Complaint") in the Kings County Clerk's Office on March 31, 2010 seeking to foreclose the Subject Premises based upon a default under the terms of the Disputed Mortgage (the "Action"). As a matter of law, the Disputed Mortgage was accelerated by the commencement of the Action on March 31, 2010 (the "Acceleration").

3.       Based on the filing of the Summons and Complaint in the Action, the statute of limitations expired on March 31, 2016 (six (6) years from the Acceleration). As a result, the statute of limitations to foreclose on the Disputed Mortgage expired and the Disputed Mortgage must be discharged pursuant to RPAPL § 1501(4).

## PARTIES

4.       Plaintiff is a limited liability company organized under the laws of the State of Pennsylvania. Plaintiff is a single-member limited liability company, whose sole member is a citizen of the Kingdom of Morocco. Plaintiff's sole member is lawfully residing in the United States in the State of Florida. For the purposes of diversity, Plaintiff is a citizen of Morocco.

5.       Defendant is the current assignee of the Disputed Mortgage. HMC Assets, LLC is an investment company with an office located in Redondo Beach, California.

## JURISDICTION AND VENUE

6.       This action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00. Therefore, the jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

7.       Venue is deemed proper in this District pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this Court and the Property is located in this District.

## **GENERAL ALLEGATIONS**

8.      On March 29, 2005, Ayana Bertrand-Armstrong and Adrian Armstrong (the "Borrowers") executed a Mortgage in favor of MERS, Mortgage Electronic Registration Systems, Inc., as nominee for 1st Republic Mortgage Bankers, Inc. which was recorded in the Office of the Kings County Clerk on April 13, 2005 in CRFN 2005000213171 (the "Disputed Mortgage"). Attached hereto as **Exhibit A** is a true and correct copy of the Disputed Mortgage. The Disputed Mortgage secures the repayment of a note dated the same date for the principal sum of $451,200.00 against the real property known as 684 MacDonough Street, Brooklyn, NY 11233 (Block: 1501 Lot: 15) (the "Subject Premises").

9.      On March 29, 2005, the Borrowers executed a Note (the "Windward Bora Note") in the amount of $84,600.00 in favor of GB Home Equity, LLC ("GB"). A true and correct copy of a Lost Note Affidavit regarding the Windward Bora Note is annexed hereto as **Exhibit B**. Windward Bora is currently in possession of the endorsed Note. See **Exhibit B**.

10.      On the same day, the Borrowers also executed a mortgage in favor of GB Home Equity, LLC which was recorded in the Office of the Kings County Clerk on April 13, 2005 in CRFN 2005000213172 (the "Windward Bora Mortgage"). Attached hereto as **Exhibit C** is a true and correct copy of the Windward Bora Mortgage. The Windward Bora Mortgage secures the repayment of a note dated the same date for a principal sum of $84,600.00 against the Subject Premises.

11.      The Disputed Mortgage was assigned to BAC Home Loans Servicing, L.P. fka Countrywide Home Loans Servicing, L.P. by an assignment of mortgage dated March 29, 2010 and recorded on April 13, 2010 in the Office of the Kings County Clerk in CRFN 2010000122444. Attached hereto as **Exhibit D** is a true and correct copy of this assignment of mortgage.

12.     The Disputed Mortgage was then assigned to Ventures Trust 2013-I-H-R by MCM Capital Partners LLC, its Trustee by an assignment of mortgage dated December 4, 2014 and recorded on March 2, 2015 in the Office of the Kings County Clerk in CRFN 2015000070743. Attached hereto as **Exhibit E** is a true and correct copy of this assignment of mortgage.

13.     The Disputed Mortgage was then assigned to Oha Newbury Ventures, L.P. by an assignment of mortgage dated November 11, 2015 and recorded on November 16, 2016 in the Office of the Kings County Clerk in CRFN 2016000403260. Attached hereto as **Exhibit F** is a true and correct copy of this assignment of mortgage.

14.     The Disputed Mortgage was then assigned to CAM XV Trust by an assignment of mortgage dated November 11, 2015 and recorded on November 16, 2016 in the Office of the Kings County Clerk in CRFN 2016000403261. Attached hereto as **Exhibit G** is a true and correct copy of this assignment of mortgage.

15.     The Windward Bora Mortgage was assigned to NPL Capital by an assignment of mortgage dated February 28, 2017 and recorded on April 18, 2017 in the Office of the Kings County Clerk in CRFN 2017000149812. Attached hereto as **Exhibit H** is a true and correct copy of this assignment of mortgage.

16.     The Windward Bora Mortgage was then assigned to Windward Bora, LLC by an assignment of mortgage dated April 2, 2018. Attached hereto as **Exhibit I** is a true and correct copy of this assignment of mortgage.

17.     The Borrowers defaulted under the terms of the Disputed Mortgage and Defendant's predecessor in interest accelerated the debt associated with the Disputed Mortgage by commencing an action under Kings County Index No. 8066/2010 by filing a summons and complaint (the "Summons and Complaint") in the Kings County Clerk's Office on March 31, 2010

seeking to foreclose the Subject Premises based upon a default under the terms of the Disputed Mortgage (the "2010 Foreclosure Action"). A true and correct copy of the Summons and Complaint is annexed hereto as **Exhibit J**. As a matter of law, the Disputed Mortgage was accelerated by the commencement of the 2010 Foreclosure Action on March 31, 2010 (the "Acceleration").

18.     The Court issued an order of discontinuance of action and cancellation of lis pendens on March 2, 2012, the order was filed with the Kings County Clerk on March 9, 2012 (the "Discontinuance Order"). The Discontinuance Order was served with notice of entry on April 27, 2012. A true and correct copy of the Discontinuance Order is annexed hereto as **Exhibit K**. The Discontinuance Order dismissed that action and cancelled and discharged the filed notices of pendency. See **Exhibit K**.

19.     On October 25, 2013, Defendant commenced a second foreclosure action to foreclose the Disputed Mortgage (the "2013 Foreclosure Action").  Attached hereto as **Exhibit L** is a true and correct copy of the 2013 Foreclosure Action's Summons and Complaint.

20.     The Court issued a dismissal order on January 14, 2019, the order was filed with the Kings County Clerk on January 23, 2019 (the "Dismissal Order"). The Dismissal Order was served with notice of entry on January 18, 2019. A true and correct copy of the Dismissal Order is annexed hereto as **Exhibit M**. The Dismissal Order dismissed that action and cancelled and discharged the filed notices of pendency. See **Exhibit M**.

21.     The statute of limitations to foreclose on the loan secured by the Disputed Mortgage expired on March 31, 2016. See CPLR § 213(4). Accordingly, the Disputed Mortgage must be discharged of record because the statute of limitations expired on March 31, 2016.

22.     There is no pending foreclosure action as of the date of this Complaint.

## CAUSES OF ACTION

## DISCHARGE OF MORTGAGE

23.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in foregoing Paragraphs of the Complaint with the same force and effect as if more specifically set forth herein.

24.     Pursuant to RPAPL § 1501(4):

> Where the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage, or to enforce a vendor's lien, has expired, any person having an estate or interest in the real property subject to such encumbrance may maintain an action against any other person or persons, known or unknown, including one under disability as hereinafter specified, to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom; provided, however, that no such action shall be maintainable in any case where the mortgagee, holder of the vendor's lien, or the successor of either of them shall be in possession of the affected real property at the time of the commencement of the action. In any action brought under this section it shall be immaterial whether the debt upon which the mortgage or lien was based has, or has not, been paid; and also whether the mortgage in question was, or was not, given to secure a part of the purchase price.

25.     An action to foreclose a mortgage is subject to a six-year statute of limitations. See CPLR § 213(4). Concerning mortgages payable in installments, separate causes of action accrue for each installment that is not paid and the statute of limitations begins to run on the date each installment becomes due. Once a mortgage that is payable in installments is accelerated, the six-year statute of limitations begins to run on the entire mortgage debt.  A foreclosure action is a point of acceleration of the note and mortgage.

26.     Here, The Borrowers defaulted under the terms of the Disputed Mortgage and Defendant's predecessor in interest accelerated the debt associated with the Disputed Mortgage at the latest by commencing an action under Kings County Index No. 8066/2010 by filing a summons and complaint (the "Summons and Complaint") in the Kings County Clerk's Office on March 31,

2010 seeking to foreclose the Subject Premises based upon a default under the terms of the Disputed Mortgage (the "2010 Foreclosure Action"). See **Exhibit J**. As a matter of law, the Disputed Mortgage was accelerated by at the latest with the commencement of the 2010 Foreclosure Action on March 31, 2010 (the "Acceleration").

27.     The Court issued an order of discontinuance of action and cancellation of lis pendens on March 2, 2012, the order was filed with the Kings County Clerk on March 9, 2012 (the "Discontinuance Order"). The Discontinuance Order was served with notice of entry on April 27, 2012. See **Exhibit K**. The Discontinuance Order dismissed that action and cancelled and discharged the filed notices of pendency. See **Exhibit K**.

28.     On October 25, 2013, Defendant commenced a second foreclosure action to foreclose the Disputed Mortgage (the "2013 Foreclosure Action").  See **Exhibit L.**

29.     The Court issued a dismissal order on January 14, 2019, the order was filed with the Kings County Clerk on January 23, 2019 (the "Dismissal Order"). The Dismissal Order was served with notice of entry on January 18, 2019. See **Exhibit M**. The Dismissal Order dismissed that action and cancelled and discharged the filed notices of pendency. See **Exhibit M**.

30.     The statute of limitations to foreclose on the loan secured by the Disputed Mortgage expired on March 31, 2016. See CPLR § 213(4). Accordingly, the Disputed Mortgage must be discharged of record because the statute of limitations expired on March 31, 2016.

31.     As a result, the Disputed Mortgage must be discharged.

32.     That any estate or interest that Defendant ever had or claim to have had in the Subject Premises or in any part thereof in the Disputed Mortgage and Note are now null and void and of no force and effect as against the estate and interest of Plaintiff in the Subject Premises.

33.     That none of the defendants are not infants or under any other disability.

34.     That the Judgment in this action will not affect the person not being or ascertained at the commencement of this action who by any contingency contained in a devise or grant, or otherwise could afterward become entitled to a beneficial estate or interest in the Subject Premises.

**WHEREFORE**, Windward Bora, LLC respectfully requests that this Honorable Court grant judgment in favor of Plaintiff and against Defendant as follows:

1. Forever barring Defendant and every person or entity claiming under it from all claims to an estate or interest in the Subject Premises;

2. Directing the Kings County Clerk to cancel and discharge of record the Disputed Mortgage;

3. Awarding Plaintiff Attorneys' Fees, Costs and Disbursements for this Action; and

4. For Such other relief as the Court deems just, equitable and proper.

Dated: New York, New York
       March 26, 2019

                                        */s/ Barry M. Golden*
                                        Barry M. Golden, Esq.
                                        *Counsel for Plaintiff*