**MCGOVERN & AMODIO LLC**
ATTORNEYS AT LAW
TWO WILLIAM STREET, SUITE 306
WHITE PLAINS, NEW YORK 10601
- - -
PHONE: (914) 289-1961
FACSIMILE: (914) 289-1962

MICHAEL P. AMODIO

July 19, 2019

Honorable Steven M. Gold, U.S.M.J
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

>   Re: **Windward Bora, LLC v. HMC Assets, LLC Solely in its Capacity as Separate Trustee of CAM XV Trust - Case No. 19-cv-01718-SMG**

Dear Judge Gold:

We represent HMC Assets, LLC Solely in its Capacity as Separate Trustee of CAM XV Trust ("HMC" or "Defendant"). This letter will outline the HMC's basis for a motion for summary judgment as per the Court's direction announced at the May 31, 2019 conference.

HMC has a valid lien on property located at 684 McDonough Street, Brooklyn, New York 11233 by virtue of being an Assignee of a Mortgage dated March 29, 2005 and recorded in CFRN 2005000213171. As discussed below, this Court should deny Plaintiff's request to discharge HMC's Mortgage because it has not been extinguished by the statute of limitation as alleged.

**CPLR Section 205 provides a six-month extension and therefore, HMC's foreclosure action is not barred by the six year statute of limitations**

In a diversity case, it is the law of the State of New York that governs the time in which the action must be commenced as well as any applicable toll. See, *Cantor Fitzgerald v. Lutnick,* 313 F.3d 704, 709 (2d Cir. 2002). The question here is whether Section 205 (a) of New York's Civil

1

Practice Law and Rules ("CPLR §205") can be applied to determine if HMC's right to foreclose its Mortgage is not barred by the statute of limitations.

CPLR Section 205 states as follows:

> *Termination of action. (a) New action by plaintiff. If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if the plaintiff dies, and the cause of action survives, his or her executor or administrator, may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination <u>provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period.</u> Where a dismissal is one for neglect to prosecute the action made pursuant to rule thirty-two hundred sixteen of this chapter or otherwise, the judge shall set forth on the record the specific conduct constituting the neglect, which conduct shall demonstrate a general pattern of delay in proceeding with the litigation.* (Emphasis supplied)

Thus CPLR § 205 is a "savings" provision that allows a plaintiff whose action has previously been dismissed, a period of six (6) months in which to commence a new action based upon the same transaction or occurrence, despite the apparent running of the applicable statute of limitations. *Carrick v. Central General Hospital*, 51 N.Y. 2d 242, 434 N.Y.S. 2d 130, 135, 414 N.E. 2d 632 (1980)

Cases that may take advantage of CPLR § 205 are, generally, those that have "suffered dismissals of a generally technical type." *Winston v. Freshwater Wetlands Appeals Board*, 224 A.D.2d 160, 646 N.Y.S.2d 565, 566 (2d Dept. 1996). Thus, the six-month extension does not apply to all dismissed actions. Rather, the statute provides for the extension only in cases where the first action was timely commenced and was "terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the

complaint for failure to prosecute the action, or a final judgment upon the merits." See *CPLR §205 (a)*.

Here, there is no question that HMC's 2013 action was timely commenced. By the Court Order dated January 7, 2019 and entered on January 14, 2019 (see attached), the State Supreme Court dismissed the action for HMC's failure to demonstrate compliance with RPAPL §1304 which is a statutory condition precedent. *Avail Holding, LLC v. Nanda*, 2017 US Dist LEXIS 5026 (EDNY Jan. 11, 2017, No. 15-CV-00486 (ADS) (SIL) quoting *Aurora Loan Services, LLC v. Weisblum*, 85 A.D. 3d 95 (2d. Dept. 2011)). Therefore, while the six-year statute of limitation expired during the pendency of HMC's 2013 foreclosure action, HMC was afforded an extension to file a subsequent action pursuant to CPLR § 205(a), since the action was neither dismissed by failure to obtain personal jurisdiction over the defendant, neglect to prosecute the action, or a final determination upon the merits. Further, the Appellant Division Second Department has specifically held that a court's dismissal for failure to meet a statutory condition precedent is not a determination on the merits. M*iller v. County of Suffolk*, 48 A.D. 3d. 524 (2d Dept. 2008).

The second requirement for the savings provision of CPLR §205 (a) is that the new action be commenced and service upon the defendant be effected within the six (6) month period.

HMC recommenced a new foreclosure action on May 28, 2019 under Kings County Index No. 511778/2019 (see attached), less than six months after the Supreme Court's dismissal of its 2013 foreclosure action. Service of the Summons & Complaint was effectuated upon the Defendant Mortgagor Adrian Armstrong on June 20, 2019 (see attached) and on Defendant Mortgagor Ayana Bertrand Armstrong on July 5, 2019 (see attached). All three events are within six (6) months of

3

the dismissal order of January 7, 2019, *to wit:* July 7, 2019.

Thus, HMC's foreclosure action filed on May 28, 2019 is not barred by the statute of limitations because of the savings provision of CPLR §205. Accordingly Windward Bora LLC's Complaint seeking to discharge the HMC's Mortgage dated March 29, 2005 should be dismissed in its entirety.

Very truly yours,

Michael P. Amodio

HMC-Windward Bora Letter about limitations.wpd

At an IAS Term, Part FRP-1, of the Supreme Court
of the State of New York, held in and for the
County of Kings, at the Courthouse, at 360 Adams
Street, Brooklyn, New York, on the 7th day of
January 2019.

PRESENT:

HON. NOACH DEAR,
                J.S.C.

-------------------------------------------------------------X

HMC,

                              Plaintiff,

    -against-

ARIAN ARMSTRONG et al,

                              Defendant,

-------------------------------------------------------------X

Index No.: 18974/13

MS 3 & 4

**DECISION AND ORDER**

Recitation, as required by CPLR §2219 (a), of the papers considered in the review of this Motion:

| Papers | Numbered |
|---|---|
| Motion (MS 3) | 1 |
| Opposition/Cross (MS 4) | 2 |
| Reply/Opp to Cross | 3 |
| Cross-Reply | 4 |

Upon the foregoing cited papers, the Decision/Order on this Motion is as follows:

Defendant's cross-motion to dismiss is granted and Plaintiff's motion for summary judgment is denied. Defendant has demonstrated that the 1304 notice failed to include five organizations on DFS's list at the relevant time. (That they are now on the list is irrelevant.)

ENTER:

Hon. Noach Dear, J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
HMC ASSETS, LLC,
Solely in its Capacity as Separate
Trustee of CAM XV Trust

                            Plaintiff,

    -against-

AYANA BERTRAND-ARMSTRONG,
ADRIAN ARMSTRONG,
NPL CAPITAL LLC, WINDWARD BORA, LLC,
KINGS COUNTY SUPREME COURT,
and "JOHN DOE #1" through
"JOHN DOE # 10", the last ten names being fictitious
fictitious and unknown to Plaintiff, the person or
parties intended being the persons or parties, if any,
having or claiming an interest in or lien upon the
the mortgage premises described in the complaint,

                           Defendants.
-----------------------------------------------------------------X

Index No. 511778/2019

Date Purchased
05/28/2019

**SUMMONS**

Premises Address:
684 MacDonough Street
Brooklyn, New York 11233

Block 1501, Lot 15

TO THE ABOVE NAMED DEFENDANTS:

You are hereby summoned and required to serve upon Plaintiff's attorneys, an answer to the Complaint in this action within twenty (20) days after service of this Summons, exclusive of the date of service, or within thirty (30) days after service is complete if this Summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the Complaint.

The basis of the venue designated is that a judgment in this action would affect the title to, or the possession, use or enjoyment of real property situated in the County of Kings.

1

# SUITABLE AGE AFFIDAVIT

SUPREME COURT OF NEW YORK STATE
COUNTY OF KINGS

---

HMC ASSETS, LLC.

VS.                                             INDEX# 511778/2019

AYANA BERTRAND-ARMSTRONG, ET AL.

---

State of New York, County of New York, SS:

**JACK JOHNSON**, being duly sworn deposes and says that deponent is over the age of eighteen years, is not a party to this action, and is a resident of New York State.

On **JUNE 20/2019 AT 7:55 A.M. at: 684 MACDONOUGH STREET, FIRST FLOOR BROOKLYN, N.Y. 11233**
Deponent served the annexed:

## NOTICE OF ELECTRONIC FILING:
## SUMMONS AND COMPLAINT:
## RRAPL SECT.1303 NOTICE
## HELP HOR HOMEOWNERS IN FORECLOSURE (ON COLORED PAPER):
## CERTIFICATE OF MERIT;

on **ADRIAN ARMSTRONG** by delivering thereat a true copy to SANDRA GALLOWAY (MOTHER TO ADRIAN ARMSTRONG) a person of suitable age and discretion. The said premises is ADRIAN ARMSTRONG's actual place of ABODE within the state.

On 6/20/2019 Deponent also caused to be mail a copy of same in a postpaid wrapper, marked "Personal & Confidential" with no indication that the mailing is regarding a legal matter, properly addressed to ADRIAN ARMSTRONG at 684 MACDONOUGH STREET, FIRST FLOOR BROOKLYN, N.Y. 11233 and deposited said wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, by postage prepaid for delivery by first class regular mail.

**Non-Military Investigation:** Deponent asked the person spoken to whether ADRIAN ARMSTRONG was in the military service of the U.S. Government and was told ADRIAN ARMSTRONG was not

Deponent describes the individual served as follows:
  SEX/RACE (skin color): FEMALE / BLACK
  HAIR COLOR/ APPROX. AGE;DARK / 60-65 YRS.
  APPROX. HEIGHT/ APPROX. WEIGHT:5'8" / 140 LBS.

219/PS5.19-183

*Jack Johnson*
JACK JOHNSON
# 2037237

SWORN TO BEFORE ME ON 6/26/2019

*Julius D. Ringelheim*

[Notary seal: JULIUS D RINGELHEIM, STATE OF NEW YORK, NOTARY PUBLIC, Qualified in New York County, 01RI4397036, MY COMMISSION EXPIRES 03-23-2023]

| STATE OF NEW YORK | SUPREME COURT KINGS COUNTY | |
|---|---|---|
| DOCUMENTS SERVED WITH INDEX#: 511778/2019 | AND FILED ON | 5/28/2019 |

| | |
|---|---|
| HMC ASSETS, LLC, SOLELY IN ITS CAPACITY AS SEPARATE TRUSTEE OF CAM XV TRUST | Plaintiff(s)/Petitioner(s) |
| Vs. | |
| AYANA BERTRAND-ARMSTRONG, ET AL | Defendant(s)/Respondent(s) |

STATE OF: NEW YORK )
COUNTY OF Westchester ) SS
)

The undersigned deponent, being duly sworn deposes and says: Deponent is not a party herein, is over 18 years of age and resides in the State of New York. On July 5th 2019 at 11:50 am, deponent did serve the within process as follows:

Process Served: NOTICE OF ELECTRONIC FILING, SUMMONS AND COMPLAINT, RRAPL SECT. 1303 NOTICE, HELP FOR HOMEOWNERS IN FORECLOSURE ON COLORED PAPER

Party Served: AYANA BERTRAND-ARMSTRONG  (herein called recipient)
At Location: 684 MACDONOUGH STREET  therein named.
BROOKLYN NY 11233

By delivering to and leaving with S. Galloway / Mother in law a person of suitable age and discretion. Said premises is recipient's ☐ actual place of business ☑ dwelling house(usual place of abode) within the state.

On July 5th, 2019, deponent completed service by depositing a copy of the NOTICE OF ELECTRONIC FILING, SUMMONS AND COMPLAINT, RRAPL SECT. 1303 NOTICE, HELP FOR HOMEOWNERS IN FORECLOSURE ON COLORED PAPER

to the above address in a First Class postpaid properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of New York.

A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:

Sex F  Color of Skin Black  Color of Hair Dark brown
Age 55  Height 5'7"  Weight 140
Other Features

Deponent asked person spoken to whether the person to be served is currently active in the military service of the United States or of the State of New York and was informed that said person is not and not dependent on anyone who is in the military service.

Sworn to before me on the 8th day of July 2019

CASWELL J. BRYAN
NOTARY PUBLIC - STATE OF NEW YORK
No. 01BR0084504
Qualified in Westchester County
My Commission Expires September 02, 20__

Server's License#: 206997
Job # 106910